UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

TEDRIC KEVON JONES,

        Plaintiff,

  -vs-

FEDERAL BUREAU OF INVESTIGATIONS,
CENTRAL INTELLIGENCE AGENCY,

        Defendants.

**DECISION and ORDER**
**No. 6:19-cv-06752(MAT)**

**I. Introduction**

Pro se plaintiff Tedric Kevon Jones ("Jones") has filed a complaint (Docket No. 1) on October 9, 2019, along with a motion for leave to proceed in forma pauperis (Docket No. 2) and a motion to appoint counsel (Docket No. 3). For the reasons discussed below, leave to proceed in forma pauperis is granted, the complaint is dismissed without prejudice, and the motion to appoint counsel is dismissed as moot.

**II. Motion to Proceed In Forma Pauperis**

"The decision of whether to grant a request to proceed in forma pauperis is left to the District Court's discretion under [28 U.S.C.] § 1915." Fridman v. City of New York, 195 F. Supp.2d 534, 536 (S.D.N.Y. 2002) (citing Potnick v. Eastern State Hospital, 701 F.2d 243 (2d Cir. 1983); other citations omitted). The Court finds that Jones's supporting affirmation sufficiently establishes his

-1-

inability to pay for the prosecution of her case. Accordingly, the motion for in forma pauperis status is granted.

**III. Screening of the Complaint under Section 1915(e)(2)**

Because the Court has granted in forma pauperis status to Jones, it must review the complaint under 28 U.S.C. § 1915(e)(2)(B) ("Section 1915(e)(2)").

    **A.    Section 1915(e)(2) Standard**

In enacting the original in forma pauperis statute, Congress recognized that a "litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." Denton v. Hernandez, 504 U.S. 25, 31 (1992) (quoting Neitzke v. Williams, 490 U.S. 319, 324 (1989)). With the passage of the Prison Litigation Reform Act of 1995 ("PLRA"), Pub.L. No. 104-134, §§ 801-810, 110 Stat. 1321 (1996), "Congress directed the federal courts to review or 'screen' certain complaints sua sponte and to dismiss those that failed to state a claim upon which relief could be granted, that sought monetary relief from a defendant immune from such relief, or that were frivolous or malicious." Benson v. O'Brian, 179 F.3d 1014, 1015-16 (6th Cir. 1999) (citing 28 U.S.C. § 1915(e)(2) (screening provision within the in forma pauperis statute)[1]; 28 U.S.C. § 1915A

---

[1] The in forma pauperis statute, as amended, provides that "the court shall dismiss the case at any time if the court determines that--
    (A) the allegation of poverty is untrue; or

(screening of complaints filed by prisoners seeking redress from a governmental entity or its officers or employees)). The screening obligation "applies equally to prisoner and nonprisoner in forma pauperis cases." S.B. ex rel. J.B. v. Suffolk Cty., No. 13-CV-446 JS AKT, 2013 WL 1668313, at *1 (E.D.N.Y. Apr. 17, 2013) (citing Awan v. Awan, No. 10-CV-0635, 2010 WL 1265820, at *1 (E.D.N.Y. Mar. 26, 2010); Burns v. Goodwill Indus., No. 01-CV-11311, 2002 WL 1431704, at *2 (S.D.N.Y. 2002)).

The Court reviews a complaint for failure to state a claim on which relief can be granted under 28 U.S.C. § 1915(e)(2)(B)(i) utilizing the standard articulated in Ashcroft v. Iqbal, 556 U.S. 662 (2009), and Bell Atlantic Corporation v. Twombly, 550 U.S. 544 (2007). The Supreme Court explained in Iqbal explained that to survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." 556 U.S. at 678. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. The plausibility standard does not require the plaintiff to show a "probability" of

---

    (B) the action or appeal--
        (i) is frivolous or malicious;
        (ii) fails to state a claim on which relief may be granted; or
        (iii) seeks monetary relief against a defendant who is immune from such relief."
28 U.S.C. § 1915(e)(2) (emphasis supplied).

defendant's liability, but it "asks for more than a sheer possibility that a defendant has acted unlawfully." Id.; see also id. (Federal Rule of Civil Procedure 8 "does not require 'detailed factual allegations,' but it demands more than an unadorned, the—defendant—unlawfully—harmed—me accusation.") (quoting Twombly, 550 U.S. at 555). In applying the plausibility standard, the Court is mindful that complaints filed by pro se litigants are held to less stringent standards than those applied to formal pleadings drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520 (1972).

**B.   Summary of the Complaint's Allegations**

Jones describes the nature of his suit as "negligence to investigate police reports FBI reports/IC3 [sic] complaints." Complaint (Docket No. 1) at 1. For his first and only claim for relief, Jones indicates that on February 16, 2018, the FBI and CIA "neglected to assist with cyber stalking report, interstate stalking FBI Report & other various types of harassment." Id. at 3-4. Jones asserts that the federal basis for this claim is that "these are the federal agencies that are required by law to assist with these claims & crimes." Id. at 4. Jones requests the "full amount of damages that the laws regarding negligence allows [sic]." Id.

**C.   The Complaint Fails to State a Plausible Claim Over Which the Court Has Jurisdiction**

**1.   The Doctrine of Sovereign Immunity**

Jones has sued two federal agencies—the FBI and the CIA. He

therefore faces a jurisdictional hurdle because, "[a]bsent a waiver, sovereign immunity shields the Federal Government and its agencies from suit." F.D.I.C. v. Meyer, 510 U.S. 471, 475 (1994) (citations omitted). "Because an action against a federal agency or federal officers in their official capacities is essentially a suit against the United States, such suits are also barred under the doctrine of sovereign immunity, unless such immunity is waived." Robinson v. Overseas Mil. Sales Corp., 21 F.3d 502, 510 (2d Cir. 1994). A waiver of sovereign immunity must be "strictly construed, in terms of its scope, in favor of the sovereign." Tri-State Hosp. Supply Corp. v. United States, 341 F.3d 571, 575 (D.C. Cir. 2003) (quoting Dep't of Army v. Blue Fox, Inc., 525 U.S. 255, 261 (1999)). "A party bringing suit against the United States bears the burden of proving that the government has unequivocally waived its immunity." Tri-State Hosp. Supply Corp., 341 F.3d at 575 (citing Graham v. Fed. Emergency Mgmt. Agency, 149 F.3d 997, 1005 (9th Cir. 1998); James v. United States, 970 F.2d 750, 753 (10th Cir. 1992); Reynolds v. Army & Air Force Exch. Serv., 846 F.2d 746, 748 (Fed. Cir. 1988)).

**2. The Federal Tort Claims Act**

Jones has not identified the Federal Tort Claims Act ("FTCA") as the basis for his lawsuit. Liberally construing his pro se complaint, it asserts a claim sounding in negligence, a type of tort. Therefore, the Court analyzes whether he has stated a

plausible claim under the FTCA. See, e.g., Zeiny v. United States, No. 5:12-CV-02752 EJD, 2012 WL 4845617, at *3 (N.D. Cal. Oct. 10, 2012) (stating that the plaintiff's claims alleging harassment, discrimination, conversion, and fraud arise in tort and therefore implicate the Federal Tort Claims Act . . ., 28 U.S.C. §§ 1346(b), 2671–2680). The FTCA "provides such a waiver [of sovereign immunity] in civil damages actions based on 'injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment[.]'" Tabman v. F.B.I., 718 F. Supp.2d 98, 103 (D.D.C. 2010) (quoting 28 U.S.C. § 1346(b); citing Meyer, 510 U.S. at 475 (FTCA waived sovereign immunity of the United States for "certain torts committed by federal employees")).

### a. Any Claims Under the FTCA Must Be Dismissed for Lack of Subject Matter Jurisdiction

The FTCA's stringent exhaustion requirement provides that an "'action shall not be instituted upon a claim against the United States for money damages' unless the claimant has first exhausted his administrative remedies." McNeil v. United States, 508 U.S. 106, 107 & n.1 (1993) (citing 28 U.S.C. § 2675(a)); see also Bakowski v. Hunt, 150 F. App'x 19, 21 (2d Cir. 2005) (unpublished opn.) ("A plaintiff asserting a claim pursuant to the FTCA must present his claim to the relevant government agency and await either a final administrative disposition or the passage of six

months without such a disposition.") (citing 28 U.S.C. § 2675(a)). The FTCA's waiver of sovereign immunity "is conditioned on the invocation of administrative remedies by timely presentation of the claim in writing to the appropriate federal agency." Murphy v. Cent. Falls Det. Facility Corp., No. C.A. 14-203 S, 2015 WL 1969178, at *8 (D. R.I. Apr. 30, 2015) (citing 28 U.S.C. § 2401(b)); see also 28 U.S.C. § 2675(a).

The FTCA also imposes strict time limitations on completing the administrative exhaustion process and subsequently filing an action in federal court. These requirements are set forth in Title 28 U.S.C., § 2401(b), which provides as follows:

> [a] tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues or unless action is begun within six months after the date of mailing, by certified or registered mail, of notice of final denial of the claim by the agency to which it was presented.

28 U.S.C. § 2401(b). "[C]ompliance with this statutory requirement is a jurisdictional prerequisite to suit that cannot be waived." Gonzalez v. United States, 284 F.3d 281, 288 (1st Cir. 2002), as corrected (May 8, 2002); see also Johnson v. Smithsonian Inst., 189 F.3d 180, 189 (2d Cir. 1999) ("In order to state a claim under the FTCA, the person attempting to assert it must comply with several strictly construed prerequisites."), abrogated on other grounds by United States v. Kwai Fun Wong, 135 S. Ct. 1625, 1638 (2015).

"The burden is on the plaintiff to plead and prove compliance

with [28 U.S.C.] § 2401(b)." Id. (citing In re Agent Orange Prod. Liab. Litig., 818 F.2d 210, 214 (2d Cir. 1987), cert. denied, 484 U.S. 1004 (1988)). "In the absence of such compliance, a district court has no subject matter jurisdiction over the plaintiff's claim." In re Agent Orange Prod. Liab. Litig., 818 F.2d at 214 (citing Wyler v. United States, 725 F.2d 156, 159 (2d Cir. 1983)).

The complaint contains no indication that Jones has exhausted his administrative remedies in accordance with 28 U.S.C. §§ 2401(b) and 2675(a) by filing tort claims with the appropriate Federal agencies.[2] Therefore, the Court finds that it lacks subject matter jurisdiction over any potential FTCA claims based on Jones's apparent failure to present them to the appropriate Federal agency. See, McNeil, 508 U.S. at 113 ("The FTCA bars claimants from bringing suit in federal court until they have exhausted their administrative remedies. Because petitioner failed to heed that clear statutory command, the District Court properly dismissed his suit."); see also, e.g., Fiore v. Medina, No. 11 CIV. 2264 RJS, 2012 WL 4767143, at *8 (S.D.N.Y. Sept. 27, 2012) (because the plaintiff failed to meet his burden of demonstrating administrative exhaustion, district court dismissed the FTCA claim without prejudice for lack of subject matter jurisdiction) (citing Millares v. United States, 137 F.3d 715, 719–20 (2d Cir. 1998); Saleh v.

---

[2] Here, given Jones's allegations, the appropriate Federal agencies would appear to be the CIA and the FBI.

Holder, 470 F. App'x 43, 44 (2d Cir. 2012) (unpublished opn.) (explaining that where a plaintiff has not exhausted his administrative remedies, a court must "dismiss [his] claims without prejudice")).

### b. The Complaint Fails to State a Claim for Relief

The FTCA imposes liability on the Federal government "only 'to the same extent as a private individual under like circumstances[.]'" Akutowicz v. United States, 859 F.2d 1122, 1125 (2d Cir. 1988) (quoting 28 U.S.C. § 2674). In addition, the FTCA's jurisdictional provision "more succinctly limits the government's exposure to liability to those torts committed by government employees 'under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the [tortious] act or omission occurred[.]'" Id. (quoting 28 U.S.C. § 1346(b); citing Feres v. United States, 340 U.S. 135, 141 (1950); other citations omitted). In other words, "for liability to arise under the FTCA, a plaintiff's cause of action must be 'comparable' to a 'cause of action against a private citizen' recognized in the jurisdiction where the tort occurred, and his allegations, taken as true, must satisfy the necessary elements of that comparable state cause of action[.]" Chen v. United States, 854 F.2d 622, 626 (2d Cir. 1988) (citations omitted). The FTCA "does not create a cause of action against private entities; it simply waives the federal government's

sovereign immunity for torts committed by its employees in circumstances in which a private individual would be liable." Fanning v. Nat'l Grid/KeySpan, 649 F. App'x 48, 49 (2d Cir. 2016) (summary order). "If there is no private analogue to a plaintiff's claim, dismissal for lack of subject matter jurisdiction is warranted." Robinson v. United States, 332 F. Supp.3d 516, 526 (E.D.N.Y. 2018) (citing Liranzo v. United States, 690 F.3d 78, 83 (2d Cir. 2012) (FTCA's a waiver of immunity is jurisdictional in nature and "extends only to claims for which a private analogue exists") (citations omitted)).

Since it appears from the complaint that the allegedly wrongful conduct occurred in New York, the Court applies that state's law to assess whether there is a private analogue. See Liranzo, 690 F.3d at 86 ("[T]he FTCA directs courts to consult state law to determine whether the government is liable for the torts of its employees.") (citing Meyer, 510 U.S. at 478). To establish a negligence claim under New York law, a plaintiff must prove that the defendant breached a duty owed to the plaintiff and that the breach proximately cause the plaintiff's injury. Di Benedetto v. Pan Am World Servs., Inc., 359 F.3d 627, 630 (2d Cir. 2004).

New York does not recognize a causes of action for negligent investigation or prosecution. Robinson, (citing Grennan v. Nassau Cty., No. CIVA042158(DRH)(WDW), 2007 WL 952067, at *22 (E.D.N.Y.

Mar. 29, 2007) (granting summary judgment to defendant on claim that it negligently failed to investigate plaintiff's behavior before filing complaint with district attorney's office) (citing Coleman v. Corporate Loss Prevention Assoc., Inc., 282 A.D.2d 703, 724 N.Y.S.2d 321, 322 (2d Dept. 2001) ("There is no cause of action in the State of New York sounding in negligent prosecution or investigation[.]"); Bernard v. United States, 25 F.3d 98, 102 (2d Cir. 1994) (noting that "[u]nder New York law, a plaintiff may not recover under general negligence principles for a claim that law enforcement officers failed to exercise the appropriate degree of care in effecting an arrest or initiating a prosecution.")). Accordingly, Jones's claims that the FBI and the CIA were negligent in investigating his complaints of cyberstalking fails as a matter of law claim under the FTCA because there is no private analogue for a negligent investigation claim under New York law. See Watson v. United States, 865 F.3d 123, 134-35 (2d Cir. 2017) (dismissing FTCA claim based on actions taken by immigration officials in failing to comply with internal regulations for how to investigate suspected alien's assertion of citizenship, because New York did not recognize government officials' duty to follow private regulations, and thus negligence claim against United States did not have private analogue under New York law); Robinson, 332 F. Supp.3d at 528 (dismissing FTCA claim for negligent failure to investigate plaintiff's citizenship because no private analogue for

such a claim under New York law) (citation omitted). Therefore, the negligence claims are dismissed without prejudice. See Fiore v. Medina, No. 11 CIV. 2264 RJS, 2012 WL 4767143, at *9 (S.D.N.Y. Sept. 27, 2012) (the plaintiff failed to demonstrate exhaustion of administrative remedies as to FTCA claim that defendants breached a duty to provide complete notice of prison rules and regulations in accordance with federal regulations concerning internal BOP procedures and, in any event, the complaint otherwise failed to state a claim under the FTCA because there was no private analogue to such regulations under New York law; the FTCA claims were dismissed without prejudice).

## IV. Conclusion

For the foregoing reasons, the motion to proceed in forma pauperis (Docket No. 2) is granted. It is further ordered that the complaint (Docket No. 1) is dismissed without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and (iii). The motion to appoint counsel (Docket No. 3) is denied as moot in light of the dismissal of the complaint. The Clerk of Court is directed to close this case.

**IT IS SO ORDERED.**

*s/ Michael A. Telesca*
_____
HON. MICHAEL A. TELESCA
United States District Judge

Dated: October 28, 2019
Rochester, New York.